IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JULIO CESAR MELENDEZ, ET AL.,**

    Plaintiffs,

    v.

**STARWOOD HOTELS & RESORTS WORLDWIDE, INC., ET AL.,**

    Defendants.

Civil No. 12-1516 (JAG/BJM)

## OPINION AND ORDER

Julio C. Meléndez ("Meléndez") and Sylvia Elizabeth Meléndez ("Mrs. Meléndez") sued Starwood Hotels and Resorts Worldwide, Inc. ("Starwood") and Sheraton Puerto Rico Management, LLC, ("Sheraton"), alleging age discrimination and unjust dismissal pursuant to federal and Puerto Rico law. (Docket No. 1). Defendants answered the complaint (Docket No. 14) and filed a motion to dismiss and to compel arbitration. (Docket No. 13). Specifically, defendants moved to dismiss Meléndez's claims for lack of subject matter jurisdiction and improper venue under Federal Rule of Civil Procedure 12(b)(1) and (3), and to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq*. (Id.). Defendants moved to dismiss Mrs. Meléndez's claims without prejudice or, in the alternative, to stay proceedings pending resolution of Meléndez's claims through arbitration. (Id.). Plaintiffs opposed (Docket No. 15), and defendants replied. (Docket No. 19). This matter was referred to me under 28 U.S.C. § 636(b)(1)(A). (Docket No. 17). For the reasons that follow, defendants' motion to compel arbitration is **granted**.

Case 3:12-cv-01516-JAG-BJM   Document 21   Filed 02/01/13   Page 2 of 9

Meléndez, et al. v. Starwood Hotels & Resorts Worldwide, Inc., et al.                Page 2
Civil No. 12-1516 (JAG/BJM) – Opinion and Order

## STANDARD ON MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(1) is a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction," Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001), including the existence of a valid arbitration agreement covering the dispute. See Evans v. Hudson Coal Co., 165 F.2d 970, 972-73 (3d Cir. 1948) ("Rule 12(b)(1) will authorize the defendant to make an application for a stay pending arbitration if, as a matter of law, the issues presented by the instant suit are referable to arbitration."). In deciding a motion to dismiss for lack of subject matter jurisdiction, the court "must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998) (citing Royal v. Leading Edge Prods., Inc., 833 F.2d 1, 1 (1st Cir. 1987)). However, "the court may consider whatever evidence has been submitted," including exhibits, without converting the Rule 12(b)(1) motion into a motion for summary judgment. Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

## STANDARD ON MOTION TO COMPEL ARBITRATION

Under the FAA, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have [civil or admiralty] jurisdiction . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Federal policy strongly favors arbitration over litigation, so long as an agreement to arbitrate exists in the first place. See HIM Portland, LLC v. DeVito Builders, Inc., 317 F.3d 41, 43 (1st Cir. 2003). Thus, "there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted

dispute.'" AT & T Techs., Inc. v. Communs. Workers of Am., 475 U.S. 643, 650 (1986) (quoting Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-583 (1960)); Mun'y of San Juan v. Corp. Para El Fomento Econ. De La Ciudad Capital, 415 F.3d 145, 149 (1st Cir. 2005). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (emphasis in original). Thus, if neither "the making of the agreement for arbitration" nor the "failure to comply therewith" are in issue, a court must order arbitration "in accordance with the terms of the agreement." 9 U.S.C. § 4. If either "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same" are at issue in the case, the non-moving party may demand a jury trial of that issue; in the absence of such a demand, the court "shall hear and determine such issue." Id.

**FACTUAL AND PROCEDURAL BACKGROUND**

The factual background is taken from the Complaint (Docket No. 1) as well as other documents filed by the parties.

Meléndez began working for Starwood in 1999. (Docket No. 1, p. 3). In March 2008, Starwood named Meléndez as Director of Finance of the Westin Roco Ki Beach and Golf Resort in Macao, Dominican Republic. Meléndez signed an employment offer letter with Starwood ("Dominican Republic Contract"). The contract included an "Exclusive Dispute Resolution Procedure" clause ("clause") and a "Mutual Agreement to Arbitrate" ("MAA"). (Docket No. 13, p. 2-3; Docket No. 14, p. 1). The clause stated that "[a]ny and all disputes relating to this offer letter, your transfer at Starwood or the termination of employment in the Dominican Republic will be resolved solely and exclusively through the Dominican Labor Courts pursuant to the employment rules of the Dominican Labor Code." (Docket No. 13-1, p. 2). The MAA stated:

Case 3:12-cv-01516-JAG-BJM   Document 21   Filed 02/01/13   Page 4 of 9

**Meléndez, et al. v. Starwood Hotels & Resorts Worldwide, Inc., et al.**  Page 4
Civil No. 12-1516 (JAG/BJM) – Opinion and Order

> …Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") and I hereby agree that, except as otherwise provided herein, all disputes and claims for which a court otherwise would be authorized by law to grant relief, in any manner, that I may have, now or in the future, during or after my employment with Starwood, of any and every kind or nature whatsoever with or against Starwood, any of Starwood's affiliated or subsidiary companies, partners, joint ventures, owners of properties Starwood manages, and/or any of his, her, its or their directors, officers, employees or agents, or any disputes and claims that Starwood may have against me (collectively, "Claims"), shall be submitted to the American Arbitration Association ("AAA") to be resolved and determined through final and binding arbitration before a single arbitrator and to be conducted in accordance with the Dominican Labor Laws.
>
> […]
>
> Starwood and I hereby agree that the Claims subject to arbitration shall include but not be limited to any and all Claims that arise out of or are related to the offer of employment, transfer or promotion extended by Starwood to me, any withdrawal or rescission of that offer, any aspect of my employment with Starwood or the terms and conditions of that employment, any claim for bonus, vacation pay or other compensation, any termination of that employment and any Claim of discrimination, retaliation, or harassment based upon age, race, religion, sex, creed, ethnicity, pregnancy, veteran status, citizenship status, national origin, disability, handicap, medical condition, sexual orientation or any other unlawful basis, or any other unlawful conduct.
>
> […]
>
> By entering into this Agreement, Starwood and I each specifically acknowledge and understand that the right to the determination and/or trial of any Claims in court before any judge or jury is a valuable right, and that by signing this Agreement Starwood and I hereby knowingly and voluntarily waive any and all rights we may have to assert any Claims in any court of competent jurisdiction and to a determination and/or trial before a judge or a jury.
> […]
>
> This Agreement shall survive my employer-employee relationship with Starwood and shall apply to any covered Claim whether arising or asserted during my employment or after the termination of my employment with the Company. This Agreement can be modified or revoked only by a writing signed by both Starwood's Executive Vice President, Human Resources and me and that expressly refers to this Agreement and specifically states an intent to modify or revoke it. This is the complete agreement of the parties on the subject of arbitration of disputes. (Docket No. 13-2, p. 1-3).

Starwood later named Meléndez as Director of Finance at the Sheraton Puerto Rico Convention Center Hotel, where he worked from June 2009 to November 2011. (Docket No. 1, p. 3). In April 2009, Meléndez signed another employment contract with Starwood for this new

position ("Puerto Rico Contract"). (Docket No. 19, p. 2). This contract also included an exclusive dispute resolution procedure clause and an arbitration agreement. (Docket No. 19-1, p. 3). That clause states:

> Any and all disputes relating to this offer letter, your transfer at Starwood or the termination of that employment will be resolved solely and exclusively through binding arbitration pursuant to the employment rules of the American Arbitration Association. Accordingly, you acknowledge and agree that this offer of employment and the benefits provided herein are contingent upon your execution of the Arbitration Agreement provided to you herewith (Attachment A).[1] (Id.)

In November 2011, Meléndez was informed that he was being investigated for breaking company rules and was sent home pending outcome of the investigation. Two days later, he was informed that his employment was being terminated for allegedly sexually harassing a staff member for about a year. Meléndez was 62 years old at the time. (Docket No. 1, p. 3-5).

Defendants initially argued that Meléndez is bound by the agreement to arbitrate in the Dominican Republic Contract. Plaintiffs argue that Meléndez was not bound by the Dominican Republic Contract because that contract was resolved when Meléndez was transferred to Puerto Rico. (Docket No. 15, p. 1-2). Defendants counter that Meléndez also signed the Puerto Rico Contract for his position as Director of Finance at the Sheraton Puerto Rico Convention Center Hotel, and that he is bound by the arbitration provisions contained in both contracts. (Docket No. 19, p. 2).

**DISCUSSION**

Section 2 of the FAA provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1947). There is a strong federal policy favoring arbitration, and any doubts concerning the scope of the arbitrable issues should be resolved in

---

[1] Copy of the referenced arbitration agreement was not included and is not available in the record.

Case 3:12-cv-01516-JAG-BJM Document 21 Filed 02/01/13 Page 6 of 9

**Meléndez, et al. v. Starwood Hotels & Resorts Worldwide, Inc., et al.** Page 6
Civil No. 12-1516 (JAG/BJM) – Opinion and Order

favor of arbitration. Kristian v. Comcast Corp., 446 F.3d 25, 35 (1st Cir. 2006) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Byrd, 470 U.S. at 218 (emphasis in original).

"A party who attempts to compel arbitration must show that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope." InterGen N.V. v. Grina, 344 F.3d 134, 142 (1st Cir. 2003). The party seeking to compel arbitration has the burden to show the existence of an arbitration agreement. See Diskin v. J.P. Stevens & Co., Inc., 836 F.2d 47, 51 (1st Cir. 1988); James Brearton, *et al.*, *American Jurisprudence 2d*, Alternative Dispute Resolution § 122 (2007). Once the movant makes this showing, "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." Green Tree Financial Corp.-Alabama v. Randolf, 531 U.S. 79, 91 (2000).

Pursuant to the FAA, courts evaluate the facts and the positions espoused by the parties in light of the "liberal federal policy favoring arbitration agreements" that "requires a liberal reading of [such] agreements." Moses H. Cone, 460 U.S. at 24. Accordingly, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Mitsubishi Motors Corp. v. Soler Chrystler-Plymouth, Inc., 473 U.S. 614, 626 (1985). Courts must compel the parties to arbitrate once satisfied that neither the making of the arbitration agreement nor the failure to comply therewith is at issue. Moses H. Cone, 461 U.S. at 22 n.27; see also Sanchez v. Morgan Stanley Dean Witter, 376 F.Supp.2d 132, 135 (D.P.R. 2005).

Case 3:12-cv-01516-JAG-BJM   Document 21   Filed 02/01/13   Page 7 of 9

**Meléndez, et al. v. Starwood Hotels & Resorts Worldwide, Inc., et al.**                                         Page 7
Civil No. 12-1516 (JAG/BJM) – Opinion and Order

Nevertheless, the Supreme Court has noted that "'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" Communs. Workers of Am., 475 U.S. at 648 (quoting Warrior & Gulf Navigation Co., 363 U.S. at 582). The First Circuit, for its part, has noted that "a party seeking to substitute an arbitral forum for a judicial forum must show, at a bare minimum, that the protagonists have agreed to arbitrate *some* claims." McCarthy v. Azure, 22 F.3d 351, 354-55 (1st Cir. 1994) (emphasis in the original).

"Whether or not the parties have agreed to submit a certain dispute to arbitration 'depends on contract interpretation, which is a question of law.'" Dialysis Access Center, LLC v. RMS Lifeline, Inc., 638 F.3d 367, 376 (1st Cir. 2011) (quoting Combined Energies v. CCI, Inc., 524 F.3d 168, 171 (1st Cir. 2008)). "Arbitration is strictly 'a matter of consent' . . . and thus 'is a way to resolve those disputes—*but only those disputes*—that the parties have agreed to submit to arbitration.'" Granite Rock Co. v. Int'l Bhd. of Teamsters, 130 S.Ct. 2847, 2857 (2010) (emphasis in original, quotations omitted). The construction of arbitration agreements under the FAA "must be resolved according to federal law," and "is ordinarily a function of the parties' intent as expressed in the language of the contract documents." McCarthy, 22 F.3d at 355. The terms of the arbitration clause should be applied if its terms, conditions, and exclusions are clear and specific, and leave no room for ambiguity or for diverse interpretations. Dialysis Access Center, LLC, 638 F.3d at 379.

In this case, the "Exclusive Dispute Resolution Procedure" clause of the Puerto Rico Contract that Meléndez signed on May 30, 2009 for the Puerto Rico position states that "[a]ny and all disputes relating to this offer letter, your transfer at Starwood or the termination of that employment will be resolved solely and exclusively through binding arbitration pursuant to the employment rules of the American Arbitration Association. Accordingly, you acknowledge and

agree that this offer of employment and the benefits provided herein are contingent upon your execution of the Arbitration Agreement provided to you herewith (Attachment A)." (Docket No. 19-1, p. 3-4). The parties' intent and mutual agreement to submit any and all disputes arising from that employment to arbitration is evident from the language contained in that clause. Furthermore, Meléndez's claims all relate to the termination of his employment with the defendants. Plaintiffs' arguments that Meléndez is not bound by the arbitration clause of the contract for the Dominican Republic position are meritless given that he later signed another contract with an arbitration clause for the Puerto Rico position. Plaintiffs do not argue that Meléndez is not bound by the arbitration provisions of the latter contract.

Here, the record shows that (1) the parties signed a valid agreement that contains an arbitration clause, (2) defendants Starwood and Sheraton are entitled to invoke the arbitration clause, (3) Meléndez is bound by that clause, and (4) Meléndez's claims come within the clause's scope. Grina, 344 F.3d at 142. It is also undisputed that Meléndez has not submitted his claim to arbitration. Defendants' motion to compel arbitration must therefore be granted.

The FAA also mandates that "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C § 3. "However, a court may dismiss, rather than stay, a case when all of the issues before the court are arbitrable." Bercovitch v. Baldwin Sch., 133 F.3d 141, 156 (1st Cir. 1998) (citations omitted). Given that Meléndez's discrimination and state tort claims fall within the scope of the arbitration agreement, the instant suit must be

Case 3:12-cv-01516-JAG-BJM   Document 21   Filed 02/01/13   Page 9 of 9

**Meléndez, et al. v. Starwood Hotels & Resorts Worldwide, Inc., et al.**                                Page 9
Civil No. 12-1516 (JAG/BJM) – Opinion and Order

referred to arbitration in accordance with the terms of his agreement with Starwood.  As to Mrs. Meléndez, her claims are non-arbitrable because she is not a party to the arbitration agreement. Therefore, defendants' motion to compel arbitration as to Meléndez is granted, and Mrs. Meléndez's claims are stayed pending resolution of the arbitrable claims.

## CONCLUSION

For the foregoing reasons, the defendants' motion to compel arbitration is **GRANTED.** The case is stayed pending resolution of the arbitrable claims.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of February, 2013.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge